UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORTH AMERICA RECYCLING, LLC,
et al.,

    Plaintiffs,

Case No. 2:08-cv-579
JUDGE MICHAEL H. WATSON

v.

TEXAMET RECYCLING, LLC
AKA TEXAMET RECYCLING, INC.,
et al.,

    Defendants.

## OPINION AND ORDER

Plaintiffs assert state common law claims for defamation, unfair competition and tortuous interference with business relations, as well as a claim of false and deceptive trade practices under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This matter is before the Court on the unopposed motion for partial summary judgment of Plaintiffs North America Recycling, Gerry Dallimore and Susan Dallimore. (Doc. 8). For the reasons that follow, the Court grants Plaintiffs' motion for partial summary judgment.

### I. Facts

Defendants have not filed an answer to either the Complaint or Amended Complaint with this Court. They have not responded in any way to Plaintiffs' Requests for Admission, sent to Defendants on April 17, 2009. Pursuant to Fed. R. Civ. P. 36(a)(3), the Plaintiffs' requests for admissions are deemed admitted.

During the years of 2007 and 2008, Defendant Texamet was a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas. During this time, Texamet operated a website at www.scrapmetalsandplastics.com, through which it actively solicited purchases and sales in the State of Ohio. In addition, Texamet sent numerous written communications and publications to the State of Ohio. During these same years, Defendant Winski resided in the State of Texas and sent numerous written communications and publications to parties in the State of Ohio.

Plaintiffs Susan Dallimore and Gerry Dallimore resided in the State of Ohio during this time, and operated Plaintiff North America Recycling, LLC. None of the Plaintiffs were public figures during this period.

On October 31, 2007, Defendants sent an electronic mail to a person identified as "Bob" in which the Plaintiffs were accused of fraud, fraudulent inducement, and wire fraud. Defendants were aware at the time this email was sent that the statements made were false. Defendants had also sent another electronic mail on October 21, 2007, to a person identified as "Felix Lim." In this email, Defendants knowingly made false statements about the Plaintiffs misrepresenting material and engaging in fraud. On November 8, 2007, November 19, 2007, March 5, 2008, May 26, 2008, and December 12, 2008, Defendants knowingly made similar false statements.

Both Plaintiffs and the Defendants are involved in the plastics recycling industry. At the time these false statements were made, Defendants were business competitors of Plaintiffs. Defendants targeted forums for their defamatory statements that would cause maximum harm to Plaintiffs. For example, Defendants posted on a website,

RecycleInMe, well known in the plastics recycling industry as a forum for buying and selling recycled plastic materials. Defendants also targeted certain persons or companies that they knew maintained business relationships with the Plaintiffs, such as Felix Lim and ECI International, LLC. Each action of the Defendants was calculated to directly defame the Plaintiffs and interfere with the success of their business.

On June 16, 2008, Plaintiffs filed a Complaint against Defendants Texamet Recycling LLC and Greg Winski. Plaintiffs filed an Amended Complaint against Defendants on July 27, 2008. The Amended Complaint alleges claims for defamation, unfair competition, tortious interference with business relations, and violations of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(A). Defendants have not filed any answer to the Complaint or Amended Complaint with this Court.

On April 17, 2009, Plaintiffs served Defendants with a Request for Admissions and requested reply within thirty days of the date of service. Service was made via first class U.S. Mail to each Defendant, and the documents were not returned undeliverable. Defendants did not respond to the Request for Admissions.

## II. Summary Judgment

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(c), which provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The Court may grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case

and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431, 438-39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000); *Henderson v. Walled Lake Consol. Schools*, 469 F.3d. 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Reeves*, 530 U.S. at 150-51. Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

Notably, a district court may properly rely upon the facts provided by a moving party when a motion for summary judgment goes unopposed. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992).

### III. Discussion

Plaintiffs move for partial summary judgment in their favor on the issue of liability.

### A. Defamation

Plaintiffs first argue they are entitled to summary judgment with respect to their defamation claim. The elements of defamation in Ohio are "a) a false and defamatory statement concerning another; b) an unprivileged publication to a third party; c) fault amounting to at least negligence on the part of the publisher; and d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Harris v. Bornhorst*, 513 F.3d 503, 522 (6th Cir. 2008). The facts admitted by the Defendants satisfy each one of these elements.

The Defendants used the term "scammer" repeatedly and alleged ongoing misrepresentation and fraud and behalf of the Plaintiffs. *See* Req. for Admis. at 4-11; Am. Compl. at 3-9. These types of phrases are clearly defamatory and are used to impugn the honesty and character of the Plaintiffs so that others will avoid doing business with them. These phrases were published directly to third parties via email and also widely to those in the recycling business on the internet. *See* Req. for Admis. at 4-11; Am. Compl. at 3-9. When these statements were made, the Defendants were aware of their falsity. Req. for Admis. at 4-11.

The last element of a claim for defamation is that the statement made is either actionable regardless of special harm, or special harm is present. A statement is actionable regardless of special harm if it is "defamation per se." *Williams v. Detroit Bd. of Educ.*, 206 Fed. Appx. 943, 946 (6th Cir. 2009). Statements which reflect badly on a person's trade or occupation are defamation per se, and thus require no proof of special

harm. *Snyder v. Ag Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995). The statements made about the Plaintiffs were directly related to their business in the plastics recycling industry. Further, they were published to customers and potential customers of the Plaintiffs, and also on known resources for the plastics recycling community as a whole. Req. for Admis. at 4-14. For example, the Defendants stated on a website widely used by those in the plastics recycling industry, "This is to notify all members of RecycleInMe to beware of this guy, Gerry and Sue Dallimore. They have scammed over 7 companies out of hundreds of thousands of dollars. Do NOT ADVANCE MONEY. DO NOT BUY MATERIAL UNLESS YOU CAN BE THERE TO SEE IT LOADED." Req. for Admis. at 10 (emphasis in original). As such, Defendants' statements meet every element of defamation under Ohio law and Plaintiffs are entitled to summary judgment in their favor as a matter of law.

### B. Unfair competition

Plaintiffs also argue that they are entitled to summary judgment on their claim for unfair competition. A person commits unfair competition when he or she circulates false rumors or publishes statements "designed to harm the business of another." *NCR Corp v. Korala Associates, Ltd.*, 512 F.3d 807, 818 (6th Cir. 2008) (citing *Landskroner v. Landskroner*, 154 Ohio App. 3d 471, 491 (8 Dist. 2003)). As outlined above, the Defendants circulated rumors they knew to be false to potential business contacts of the Plaintiffs. *See* Req. for Admis. at 4-14. Defendants admitted their intent to ruin the Plaintiff's business with a statement directly published on a public website used by the plastics recycling community, namely, "We will put you out of business. Every RecycleInMe Member will know what you and your wife are. POS." Req. for Admis. at

10. On the basis of the uncontested facts, the Court finds that there is no issue of material fact, and Plaintiffs are entitled to summary judgment on their claim for unfair competition.

### C. Tortious interference

Finally, Plaintiffs contend they are entitled to judgment as a matter of law on their claim for tortious interference with business relations. Ohio law sets forth five elements for claims of tortious interference with a business relationship: "1) the existence of a contract and/or business relationship; 2) the tortfeasor's knowledge thereof; 3) the tortfeasor's intentional interference causing a breach or termination of the relationship; 4) lack of justification; and 5) damages." *Harris v. City of Clairsville, Ohio*, 330 Fed. Appx. 68, 79 (6th Cir. 2008); *see also Fred Siegal Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171 (Ohio 1999).

Prior to the Defendants' communications, the Plaintiffs maintained a business relationship with Mr. Felix Lim. Decl. of Gerry Dallimore. Defendants were fully aware of the relationship between Mr. Lim and the Plaintiffs, and the email sent by Defendants on November 8, 2007, clearly displays this knowledge. Req. for Admis. at 6, 14. In multiple emails to Mr. Lim over several months, the Defendants made defamatory statements aimed at harming the Plaintiffs. Request for Admission, p. 4-14. These statements included claiming fraud and misrepresentation on behalf of the Plaintiffs, and alleging that materials received by Mr. Lim from the Plaintiffs would be nonconforming to their contract. *Id.* The result of Defendants' actions was an interference with the existing and prospective contractual relations of Plaintiff North America Recycling.

There was no justification for Defendants' actions. They admit that they were aware the statements made against the Plaintiffs in these emails were false. Req. for Admis. at 4-14. Further, as noted above, the Defendants are competitors of the Plaintiffs, and thus had incentive to make these false statements. For these reasons, the Court concludes that Plaintiffs are entitled to summary judgment in their favor with respect to their claim of tortious interference with business relations.

In sum, based on the entire record before the Court, including the filings of the parties, the request for admissions, and all other matters of record, it is apparent that there is no genuine issue of material fact. Plaintiffs are, therefore, entitled to judgment as a matter of law on their claims for defamation, unfair competition and tortious interference with business relations pursuant to Fed. R. Civ. P. 56. Having found in favor of Plaintiffs on the foregoing claims, it is unnecessary to reach Plaintiffs' Lanham Act claim.

## IV. Disposition

Based on the above, the Court **GRANTS** Plaintiffs' unopposed motion for partial summary judgment. (Doc. 8).

The Clerk shall remove Doc. 8 from the Court's Civil Justice Reform Act report.

The parties will contact Chambers within fourteen days after the issuance of this Order and provide their available dates for a hearing on remedies in accordance with the terms of this Order.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**