UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORTH AMERICA RECYCLING, LLC,
et al.,
    Plaintiffs,

-v-                                                  Case No. 2:08–cv–579

TEXAMET RECYCLING, LLC            Judge Michael H. Watson
AKA TEXAMET RECYCLING, INC.,
et al.,
    Defendants.

## OPINION AND ORDER

In March 2010, the Court granted Plaintiffs' unopposed motion for summary judgment, finding Defendants liable for defamation, unfair competition, and tortious interference with business relations. Op. Order, ECF No. 9. The Court then referred this matter to United States Magistrate Judge Elizabeth Preston Deavers to conduct an evidentiary hearing and issue a report and recommendation ("R&R") on the issue of Plaintiffs' damages pursuant to 28 U.S.C. § 636(b). Order, ECF No. 11. The Magistrate Judge conducted a hearing and issued the R&R. No objections to the R&R have been filed, and the deadline for doing so has long since passed.

The Magistrate Judge recommends, *inter alia*, that the Court find Plaintiffs are entitled to damages from Defendants in the amount of $154,500. She also recommends that the Court remit the damages award, with the exception of $4,500 for attorneys' fees, if Defendants meet the following conditions:

1. Defendants shall cease and desist in perpetuity from making or publishing statements regarding the business practices, dealings, or contracts of any Plaintiff, that are the same, or significantly similar, in nature to the statements this Court has found to be defamatory in this case.

2. To the fullest extent possible, Defendants shall forthwith remove and/or cause to be removed from all websites and publications, all statements Defendants have made that this Court has found to be defamatory, and any statements similar in nature published during or before the current proceedings, regarding the business practices, dealings, or contracts of any Plaintiff.

Report Recom. 7, ECF No. 17.

Although in the absence of any objection the Court could adopt the Magistrate Judge's R&R without undertaking its own analysis, the Court will nonetheless examine independently the merits of the propriety of the recommended relief because this case ostensibly presents an issue of prior restraint of speech. For the following reasons the Court concludes the recommended injunction does not violate the First Amendment protection against prior restraints.

First of all, preventing prior restraints is not, by itself, a sufficient reason for refusing to grant injunctive relief to prevent defamatory speech. *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1208–09 (6th Cir. 1990). The Sixth Circuit approved injunctive relief in a defamation case to stop repeated defamation. *See id.*

*Lothschuetz* is on point. The plaintiffs in *Lothschuetz* brought a libel claim against the defendants and obtained a default judgment on the liability issue. *Id.* at 1203. The trial court awarded nominal damages but rejected the plaintiffs' request for an injunction, reasoning that it would be an "unwarranted prior restraint on freedom of speech." *Id.* at 1206.

On appeal, the plaintiffs in *Lothschuetz* argued the district court should have granted injunctive relief. *Id.* The Sixth Circuit agreed and reversed and remanded the case to the district court to enter an injunction prohibiting the defendants from "continuing and reiterating the same libelous and defamatory charges." *Id.* at 1208–09. The court reasoned "an injunction [was] necessary to prevent future injury to [the plaintiff]'s personal reputation and business relations" given the defendants' "frequent and continuing defamatory statements." *Id.* The Sixth Circuit limited the injunction to "statements . . . found in this and prior proceedings to be false and libelous." *Id.*

The recommended judgment here is arguably broader than the injunction in *Lothschuetz* because it conditions remittence on Defendants refraining from making statements "significantly similar" to those already found libelous. Nonetheless, the recommended judgment is not overbroad. As a general rule, injunctions restricting free speech may burden only as much speech as is "necessary to serve a significant government interest." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). In *Madsen*, an injunction prohibiting antiabortion protestors from picketing within 300 feet of hospital staff's homes was found not necessary to serve the state's interest in protecting well-being, tranquility, and privacy in the home, because a more limited injunction could have sufficed: "It appears that a limitation on the time, duration of picketing, and number of pickets outside a smaller zone could have accomplished the desired results." *Id.* at 775.

Applying that standard, there is no question preventing defamation is a sufficient interest. The key question is whether a more limited judgment would effectively stop the Texas company from defaming the Ohio company. Absent the "significantly similar"

qualifier, Defendants could continue defaming Plaintiffs and their business with impunity through immaterial variations of language or medium. See Chemerinsky, *Injunctions in Defamation Cases*, 57 Syracuse L. Rev. 157, 171 (2007). For example, an abbreviated defamatory statement made on twitter rather than e-mail would not be prohibited absent the term "significantly similar" because the statement would be shorter or otherwise textually different. Without the "significantly similar" language, the judgment would be utterly ineffective at preventing future defamation.

In addition, there should be no concern that the judgment prohibits speech not yet found to be defamatory. The language "in nature" limits only speech that in fact is false and defamatory. The recommended judgment does not prohibit the Texas company from making true statements.

In the alternative, the overbreadth analysis does not apply in the first instance because the recommended judgment does not implicate constitutionally protected conduct. See, e.g., *Dae Woo Kim v. City of New York*, 774 F.Supp. 164, 170 (S.D.N.Y. 1991) ("A statute is unconstitutionally overbroad if it includes within its reach constitutionally protected conduct."). Here, the recommended judgment prohibits Defendants only from making false and defamatory statements. The First Amendment does not protect such speech. See *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571-72 (1942) (restricting libel raises no constitutional concerns).

Lastly, it is debatable whether the recommended judgment could ever be deemed a prior restraint because it is not even an injunction. Rather, the judgment merely remits damages to which Plaintiffs are lawfully entitled on the condition that Defendants refrain from engaging in substantially similar libelous speech. Defendants

have the choice of paying Plaintiffs the full amount of the damages award.

For the above reasons, as well as those set forth in the Magistrate Judge's R&R, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety. Accordingly, the Court finds Plaintiffs are entitled to damages in the amount of $154,500. The Court remits the damages award, with the exception of $4,500 for attorneys' fees, if Defendants meet both of the following conditions:

> 1. Defendants shall cease and desist in perpetuity from making or publishing statements regarding the business practices, dealings, or contracts of any Plaintiff, that are the same, or significantly similar, in nature to the statements this Court has found to be defamatory in this case.
>
> 2. To the fullest extent possible, Defendants shall forthwith remove and/or cause to be removed from all websites and publications, all statements Defendants have made that this Court has found to be defamatory, and any statements similar in nature published during or before the current proceedings, regarding the business practices, dealings, or contracts of any Plaintiff.

The Clerk shall enter final judgment in favor of Plaintiffs and against Defendants. The final judgment shall include verbatim all of the language in the previous paragraph, including items 1 and 2. The Court retains jurisdiction to enforce the terms of the judgment.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**